## Fuller v. Jackson

*Kell M. Damsgaard* and *Taylor P. Andrews,* for plaintiff.

*Randall G. Gale,* for defendant.

BAYLEY, *J.,* June 19, 1987—This is a medical malpractice action filed by plaintiff Amanda Fuller against defendant physician Frank W. Jackson and the corporation in which he practices. The complaint alleges a cause of action in negligence for the perforation of the esophagus during a surgical procedure and a cause of action for lack of informed consent. Defendants have answered numerous interrogatories and responded to production for documents; however, certain requests have been denied. Plaintiff has filed a motion to compel the production of certain documents, defendants have answered, the issues have been briefed and argued and are ready for decision.

The key to discovery under Pa. R.C.P. 4003.1 is relevancy and the burden of proof is on the objector to show lack of relevancy. See *Cobenski v. Brooks,* 7 D.&C.3d 253 (1978). The proposed discovery should be calculated to lead to evidence which possesses sufficient probative force to affect a material part of the cause of action. See *O'Connor v. Fellman,* 39 D.&C.2d 51 (1966). Eight specific objections have been made to the proposed discovery which have been briefed and which we will treat seriatim.

First, plaintiff requests all documents describing or relating to the formation of Jackson Gastroenterology Ltd. Defendants' answer to plaintiff's complaint admits in response to paragraph 27 that at all relevant times defendant Frank W. Jackson acted through his professional corporation, Jackson Gastroenterology Ltd. Since employment and agency have been admitted, the production of documents describing and relating the formation of Jackson

Gastroenterology Ltd. are not relevant to any issue which will affect a material part of the cause of action.

Second, plaintiff seeks production of *all* complaints filed against defendants in any court. Defendants object on the basis that the request is irrelevant, burdensome and oppressive. While relevancy in the discovery context is broader than in the context of the admissibility of evidence, this interrogatory is overbroad. The information sought by plaintiff is not relevant in that it would not typically lead to admissible evidence. See *Payne v. Howard,* 75 F.R.D. 465 (D.C.D.C. 1977); *Wood v. McCullough,* 45 F.R.D. 41 (S.D.N.Y. 1968).

Third, plaintiff requests production of all diplomas or certificates which Dr. Jackson received from any college, university or institution, including board certifications. Defendant has already answered plaintiff's eighth interrogatory setting forth his certifications and educational background in detail. Without citing an authority plaintiff suggests that a curriculum vitae is not a fair substitute for actual documentary proof of graduation or certification. We conclude that absent an averment which would reasonably question the veracity with regard to the physician's stated curriculum vitae, the actual production of the documents and certificates is burdensome. If plaintiff doubts the veracity of the sworn answer to the interrogatory on curriculum vitae she can verify the information with the entities involved.

Fourth, plaintiff requests production of all of Dr. Jackson's professional licenses. The request is denied for the same reasons set forth in the denial of plaintiff's third request.

Fifth, plaintiff requests the production of *all* documents describing or relating to claims by patients

that defendants treated them negligently or otherwise improperly. This request is overbroad and is denied for the same reasons set forth in the denial of plaintiff's second request.

Sixth, plaintiff requests the production of *all* documents of disciplinary proceeding in which Dr. Jackson has been involved relating to his professional activities. This request is overbroad and is denied for the same reasons set forth in the denial of plaintiff's second and fifth request.

Seventh, plaintiff requests the production of all documents describing or relating to any other occasion when defendants perforated a patient's esophagus during dilatation or otherwise. Defendants object to this request upon the following statements:

"This request is objected to as seeking irrelevant information and as being overly broad, burdensome and oppressive and as seeking privileged information and also possible peer review materials."

Defendant had previously answered interrogatory number 21 as follows:

"(21) Describe in detail each claim made against you by a patient other than Mrs. Fuller that you perforated his or her esophagus, or injured them during a dilatation or otherwise treated them improperly."

"ANSWER: This interrogatory is not entirely clear. We are assuming it is asking for other claims involving esophageal perforations or dilatation injuries. To the extent it may be inquiring into other matters, it is objected to as irrelevant. The answer is that no claim has been made."

Unlike the second, fifth and sixth request for discovery, this request seeks relevant information and is not overbroad or overly burdensome for defendants to answer. If defendants have injured patients

during procedures similar to that which resulted in the alleged negligent injury to plaintiff, that information would be relevant as to the physician's knowledge and skill to perform such procedures and could be relevant as to the information necessary to tell plaintiff in order to obtain her informed consent to the subject surgical procedure. The information sought is related to the subject matter of this lawsuit and is not protected from discovery under section 4 of the Peer Review Protection Act.* That section of the act provides at 63 P.S. §425.4:

*"The proceedings and records of a review committee* shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any members thereof; Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings." (emphasis supplied)

---

* Act of July 20, 1974, P.L. 564, as amended, 63 P.S. §425.1 et seq.

It is only the records of the review committee that are subject to confidentiality and even this protection is not afforded to information, documents or records otherwise available from original sources. See *Sanderson v. Frank S. Bryan M.D., Ltd.,* 361 Pa. Super. 491, 522 A.2d 1138 (1987). Plaintiff's request for defendant to produce documents in his possession or control relating to any other occasion where he perforated a patient's esophagus during dilatation or otherwise does not come under the protection of section 4 of the Peer Review Act.

We conclude that defendant's answer to interrogatory 21 which states that *no claims* have been made by any other patient that Dr. Jackson perforated his or her esophagus or injured them during a dilatation, does not suffice to answer the request for the production of documents relating to any other *occasion* when Dr. Jackson may have perforated a patient's esophagus during dilatation or otherwise. Occasions and incidents do not necessarily result in claims.

Lastly, plaintiff seeks production of all books, magazines, papers or other documents in defendants' possession, custody or control which describe dilatation of the esophagus and its use, the procedure for same, its risks and/or alternative treatments. In answer to interrogatory number 10, which asked the defendant to identify every manual or textbook regarding gastroenterology or the treatment of the esophagus which he had in his office or which he regularly consulted in 1983 or 1984, defendant detailed 19 references. We conclude that it is overburdensome for defendant to now turn over his library to plaintiff as part of the discovery process. Without an averment that it is reasonably believed defendant will rely on information contained in any type of medical literature which would not

otherwise be reasonably available to plaintiff for review, we will not require the wholesale production of all of the medical literature in defendants' possession concerning the type of procedure which is the subject matter of this lawsuit.

For the foregoing reasons the following order is entered.

## ORDER OF COURT

And now, June 19, 1987, all of plaintiff's requests for the production of documents by defendants sought in her motion to compel and briefed and argued pursuant to that motion, are denied, except that defendants are ordered to produce to plaintiff within 20 days of this date all documents in his possession or control describing or relating to any other occasion when defendants' perforated a patient's esophagus during dilatation or otherwise.